UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RONALD GONSALVES,

               Plaintiff,                          **MEMORANDUM AND ORDER**
                                                           15-CV-5750 (RRM) (RLM)
    -against-

BROOKLYN DETENTION COMPLEX,

               Defendant.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Ronald Gonsalves, proceeding *pro se* and housed at the Brooklyn Detention Complex, brings this civil rights action pursuant to 42 U.S.C. § 1983. (Compl. (Doc. No. 1).) Gonsalves's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, (Doc. No. 3), is granted for the purposes of this Order. For the reasons stated below, the complaint is dismissed for failure to state claim upon which relief may be granted.

## STANDARD OF REVIEW

      A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd,* 133 S. Ct. 1659 (2013) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and

interpreted "to raise the strongest arguments that [it] suggest[s]," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

Gonsalves alleges that on August 29, 2015, while housed at the Brooklyn Detention Complex, he slipped on water that was near the shower area and fell. (Compl. at ¶ IV.) As a result, he fractured his right wrist. (*Id.* at ¶ IV.A.) For this injury, Gonsalves seeks monetary damages. (*Id.* at ¶ V.)

### I. Section 1983

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere."

2

*Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

Further, a plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). "Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003). A § 1983 complaint that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order).

    a.  **Brooklyn Detention Complex**

Gonsalves names the Brooklyn Detention Complex as the sole defendant in this action. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the [C]ity of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter ch. 17 § 396. Consequently, New York City Department of Correction facilities and the Department of Correction are not suable entities. The Brooklyn Detention Center is part of the New York City Department of Correction, and thus, may not be sued. *See, e.g.*, *Polanco v. Rikers Island Anna M. Kross Correction*, No. 14-CV-2063, 2014 WL 3015194, at *2 (E.D.N.Y. July 3, 2014) (finding that Rikers Island is not a suable entity).

To the extent that Gonsalves seeks to name the City of New York as a defendant, his claim would likewise fail. A municipality, such as the City of New York, can be held liable under § 1983 if a plaintiff can show that a municipal policy or custom caused the deprivation of his constitutional rights. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). However, Gonsalves fails to allege any facts to show: (1) the existence of a formal policy which is officially endorsed by the City; (2) actions taken or decisions made by the City which caused the alleged violations of his civil rights; or (3) any facts tending to support an inference that he was caused constitutional injury by the failure of the City to properly train or supervise any potential individual defendants. *See Missel v. Cty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) ("The allegations that [defendant] acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient."). Here, Gonsalves has not alleged an unconstitutional policy or custom that would confer liability on the City of New York.

### b. Negligence

Even if Gonsalves were to name a proper defendant, it is clear that his slip and fall claim does not implicate a constitutional deprivation. Gonsalves's claim that he slipped on water that was located in the shower area at the Detention Complex is, at best, a claim for negligence. *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) (holding negligence claims do not rise to the level of a constitutional violation where petitioner slipped on pillow that respondent left on stairs); *Baptiste v. Nassau County Jail*, No. 15-CV-0870, 2015 WL 1877717, at *3-4 (E.D.N.Y. Apr. 23, 2015) (finding that a slip and fall at Nassau County Jail does not provide a basis for a federal claim); *see also Johnson v. New York City (Corp. Counsel)*, No. 10-CV-6193, 2011 WL 1795284, at *4–5 (S.D.N.Y. Apr. 30, 2011), *amended on reconsideration sub. Nom. Johnson v.*

*New York City*, 2011 WL 2471030 (S.D.N.Y. June 21, 2011); *Carr v. Canty*, 10-CV-3829, 2011 WL 309667, *2 (S.D.N.Y. Jan. 19, 2011).

Whereas ordinarily the Court would allow Gonsalves an opportunity to amend his complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from Gonsalves's submission that he cannot state a plausible claim for relief. Therefore, any attempt to amend the complaint would be futile. *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (holding leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

## CONCLUSION

Gonsalves's complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order and accompanying Judgment to the plaintiff *pro se* and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
April 13, 2016